*Chadwick Michael Nalls v. State*, No. 54, September Term 2013, and *Justin Allen Melvin v. State*, No. 95, September Term 2013, Opinion by Greene, J.


**CRIMINAL LAW – WAIVER OF RIGHT TO JURY TRIAL – COMPLIANCE WITH MARYLAND RULE 4-246**

Pursuant to Maryland Rule 4-246(b)'s determination and announcement requirement, following a jury trial waiver colloquy, a trial judge must explicitly state on the record his or her finding that a criminal defendant's waiver was made both knowingly and voluntarily. Although a fixed litany is not required, both concepts must be addressed in the trial judge's announcement, either by using that precise language or using synonyms that represent the same concepts.

**CRIMINAL LAW – WAIVER OF RIGHT TO JURY TRIAL – PRESERVATION**

In the instant cases, in order to provide further guidance in this important area, the Court exercises its discretionary review under Rule 8-131(a). Going forward, however, the appellate courts will continue to review the issue of a trial judge's compliance with Rule 4-246(b) provided a contemporaneous objection is raised in the trial court to preserve the issue for appellate review.

Circuit Court for Anne Arundel County
Criminal Case No. 02-K-08-000583
Circuit Court for Caroline County
Criminal Case No. 05-K-009002
Argued: February 6, 2014

IN THE COURT OF APPEALS
OF MARYLAND

Nos. 54 and 95
September Term, 2013

---

CHADWICK MICHAEL NALLS

v.

STATE OF MARYLAND

---

JUSTIN ALLEN MELVIN

v.

STATE OF MARYLAND

---

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

---

Opinion by Greene, J.
Battaglia, J., concurs.
Adkins, McDonald and Watts, JJ., concur and
dissent.

Filed: April 23, 2014

In this opinion, we address challenges that have arisen since the issuance of our decision in *Valonis & Tyler v. State*, 431 Md. 551, 66 A.3d 661 (2013). In that case, we held that trial judges must comply with Maryland Rule 4-246(b) in order to accomplish the purpose of the Rule, that is, to protect the personal and fundamental constitutional right of a criminal defendant to a trial by jury. In light of this overarching principle, we address what constitutes a valid determination and announcement on the record that a criminal defendant's waiver of his or her right to a jury trial was made knowingly and voluntarily, and whether a defendant's failure to object precludes appellate review of the trial judge's determination and announcement (or lack thereof). Because of the common issues of law, we have consolidated two criminal cases for the purpose of this opinion.[1]

## I. FACTS

### A. Chadwick Michael Nalls

The charges against Petitioner Chadwick Michael Nalls ("Nalls") arose out of a sexual encounter with Nori W., who was the roommate of Nalls's sister. Nalls was charged in the Circuit Court for Anne Arundel County with second degree rape, third degree sexual offense, and second degree assault. After a bench trial, Nalls was convicted of all charges and was sentenced to 15 years incarceration. Prior to the commencement of Nalls's bench trial, the following colloquy ensued:

> [Defense Counsel]: You can elect to have a judge or a jury trial. You and I have discussed this at length, have we not?

---

[1] We granted separate petitions for certiorari in *Nalls v. State*, 432 Md. 466, 69 A.3d 474 (2013) and *Melvin v. State*, 435 Md. 266, 77 A.3d 1084 (2013). Each case was argued separately before this Court.

[Nalls]: Yes.

[Defense Counsel]: A jury consists of 12 people who you and I would have limited ability to help choose that would sit in that box. The jury would listen to the evidence and have to decide beyond a reasonable doubt that you're guilty. All 12 would have to find you guilty. All 12 would have to find you not guilty. If it were 11 to 1, that's called a hung jury and the matter can be retried. Do you understand that?

[Nalls]: Yes, sir.

[Defense Counsel]: Now in this particular case, I am electing, or you're electing not to have a jury trial. Do you understand that?

[Nalls]: Yes, sir.

[Defense Counsel]: Is that what you wish to do?

[Nalls]: Yes.

[Defense Counsel]: Instead of having all – the judge now must be convinced beyond a reasonable doubt. She alone is going to make that determination. Do you understand that?

[Nalls]: Yes.

[Defense Counsel]: And you're doing this freely, monetarily [2] [sic], and you and I have discussed it at great length, is that correct?

[Nalls]: Yes.

[Trial Judge]: **Then I am satisfied, sir, that you have waived your right to have a jury trial and you're going to have a court trial.** (Emphasis added.)

Pursuant to a petition for post-conviction relief, Nalls obtained permission to file a

---

[2] According to Respondent, review of the actual trial recording reveals that the word used was "voluntarily."

2

belated appeal. In an unreported opinion, the Court of Special Appeals reversed Nalls's

conviction for third degree sexual offense but otherwise affirmed the judgment of conviction.

Relevant to this appeal, the Court of Special Appeals held that the issue of the validity of

Nalls's waiver of his right to a jury trial was not preserved for review, but, notwithstanding

his failure to preserve the waiver issue, the court would hold that the trial court adequately

announced its finding that Nalls's jury trial waiver was proper. This unreported opinion was

filed prior to this Court's publication of *Valonis*, 431 Md. 551, 66 A.3d 661. We thereafter

granted Nalls's petition for certiorari, *Nalls v. State*, 432 Md. 466, 69 A.3d 474 (2013).

### B. Justin Allen Melvin

The charges against Petitioner Justin Allen Melvin ("Melvin") originated from the

theft of an All-Terrain Vehicle ("ATV"). Melvin was charged and convicted in the Circuit

Court for Caroline County with theft between $1,000 and $10,000, theft under $1,000, and

conspiracy to commit those offenses. Following a bench trial, Melvin was sentenced to 10

years incarceration with all but five years suspended and five years supervised probation for

theft between $1,000 and $10,000 and 18 months concurrent for theft under $1,000. The

court merged the conspiracy convictions for sentencing purposes. During a status conference

the week before Melvin's scheduled trial, the following discussion took place:

> [Trial Judge]: Alright, Mr. Melvin you are here today for a jury . . . well, you
> are here today for actually, for a status conference and [defense counsel] has
> advised that you wish to waive your right to a jury trial and you find him again
> . . . your jury trial is scheduled for . . .
>
> [Defense Counsel]: The 8[th].

[Trial Judge]: April? Huh? The 8ᵗʰ of February, which is next week. And you have a right to a trial by jury and if you choose a jury trial, you and your lawyer and the State would pick twelve people from the voters rolls, and the driver's rolls of Caroline County. They'd represent a cross section of the community in each of the twelve. They would have to be satisfied beyond a reasonable doubt that you were guilty in order to find you guilty. All twelve would have to agree that you were not guilty in order to find you not guilty. If they cannot agree that would be a hung jury and the State could try you over until you were found not guilty or guilty. If you waive your right to a jury trial, you will be tried before a Judge, and the Judge would have to be satisfied by a reasonable . . . I'm sorry, beyond a reasonable doubt you were guilty in order to find you guilty. Is it your intention to waive your right to a jury trial today and proceed with a court trial when you come to court?

[Melvin]: Yes[,] Your Honor.

[Trial Judge]: And has anybody made any threats or promises to make you do that?

[Melvin]: No.

[Trial Judge]: You realize by waiving your right to a jury trial now you can't come back on the trial date and say you want a jury trial, do you understand?

[Melvin]: Yes, Your Honor.

[Trial Judge]: Alright, **I'm satisfied that you knowingly, intelligently waived your right for a jury trial.** Thank you. (Emphasis added.)

Following Melvin's conviction, he noted a timely appeal. After the Court of Special Appeals affirmed the judgment in an unreported opinion, Melvin filed a Motion for Reconsideration. The intermediate appellate court denied the motion, but recalled its April 30, 2013 opinion due to this Court's subsequent filing of *Valonis*, and filed a new unreported opinion affirming the judgment on July 29, 2013. The Court of Special Appeals held that, pursuant to this Court's decision in *Valonis*, Melvin's failure to object does not preclude

4

appellate review. Further, that court held that despite the trial judge's "slip of the tongue" stating that Melvin's waiver was "knowing and intelligent" instead of "knowing and voluntary," the trial judge's specific inquiry into the voluntariness of Melvin's waiver was enough to satisfy the requirements of Rule 4-246. We thereafter granted *certiorari*. *Melvin v. State*, 435 Md. 266, 77 A.3d 1084 (2013).

We granted Nalls's and Melvin's Petitions for Writ of Certiorari to determine:

(1) What constitutes compliance with the Rule that a trial judge must determine and announce on the record that the defendant's waiver of a jury trial was knowing and voluntary; and

(2) Whether defense counsel's lack of an objection in the face of the trial court's failure to determine and announce on the record that the defendant's jury trial waiver was knowing and voluntary precludes the case from review by the appellate courts.[3]

---

[3] We rephrased these issues for the sake of clarity.

Nalls asks:

Must Petitioner's jury trial waiver and subsequent conviction in a bench trial be set aside because the trial judge failed to determine and announce on the record that Petitioner was knowingly and voluntarily waiving his right to a jury trial as expressly required by Md. Rule 4-246?

Respondent's cross-petition in *Nalls* asks:

Is the reversal of a lawful conviction the only appropriate sanction for a non-substantive violation of Rule 4-246(b)?

Did the Court of Special Appeals err in finding that Nalls's conviction for third degree sexual assault should be vacated?

Melvin asks:

Must Petitioner's jury trial waiver and subsequent conviction be set aside because the trial judge failed to determine and announce on the record that Petitioner was voluntarily waiving his right to a jury trial as required by Maryland Rule 4-246?

5

## II. DISCUSSION

*Valonis & Tyler v. State*, 431 Md. 551, 66 A.3d 661 (2013) (hereinafter "*Valonis*"), was decided so recently that the ink has barely had time to dry. The purpose of this Court's decision in *Valonis* was to clearly declare that a trial judge must comply fully with Md. Rule 4-246(b), and that failure to comply is reversible error. The Rule requires an in-court inquiry into the criminal defendant's waiver of his or her right to a jury trial. The inquiry may be conducted by the prosecutor, defense counsel, the court, or any combination of the three. The Rule also requires that the trial judge engage in the waiver process and announce on the record a finding as to whether the defendant's waiver was made knowingly and voluntarily. In *Valonis* we held that, pursuant to Rule 4-246(b), before a trial judge may accept a criminal defendant's jury trial waiver, the trial court must determine and announce his or her finding explicitly on the record that the waiver was knowing and voluntary. Despite this Court's clear stance regarding compliance, challenges under the Rule persist, so we review two additional cases under the purview of *Valonis* and Rule 4-246(b).

### A. Compliance with Md. Rule 4-246(b)

As a general matter, a criminal defendant's right to a jury trial is a fundamental right under both the United States and Maryland Constitutions. *See* U.S. Const. amend. VI, XIV § 1; Md. Decl. of Rts. Art. 5, 21, 24; *see also Duncan v. Louisiana*, 391 U.S. 145, 154, 88 S. Ct. 1444, 1450, 20 L. Ed. 2d 491, 498–99 (1968). In *Valonis*, we provided extensive background on the waiver of this fundamental right:

In Maryland, a defendant's right to waive a trial by jury may be exercised only

6

by the defendant. *Smith v. State*, 375 Md. 365, 379, 825 A.2d 1055, 1063 (2003). Such a waiver is valid and effective only if made on the record in open court and if the trial judge determines, after an examination of the defendant on the record and in open court, that it was made "knowingly and voluntarily." Maryland Rule 4–246(b); *Smith*, 375 Md. at 378–81, 825 A.2d at 1063–64; *State v. Bell*, 351 Md. 709, 716–17, 720 A.2d 311, 314–15 (1998); *Tibbs v. State*, 323 Md. 28, 29–32, 590 A.2d 550, 550–52 (1991); *Martinez v. State*, 309 Md. 124, 131–34, 522 A.2d 950, 953–55 (1987). This factual determination is circumstance-specific and has two equally important components: the waiver must be both "knowing" and "voluntary." *Tibbs*, 323 Md. at 31, 590 A.2d at 551; *State v. Hall*, 321 Md. 178, 182–83, 582 A.2d 507, 509 (1990); *Stewart v. State*, 319 Md. 81, 90, 570 A.2d 1229, 1233–34 (1990); *Martinez*, 309 Md. at 133–34, 522 A.2d at 955.

*Valonis*, 431 Md. at 560-61, 66 A.3d at 666. Md. Rule 4-246(b) sets forth the procedural standard for the waiver of a criminal defendant's right to a jury trial, and provides that:

A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, *the court determines and announces on the record that the waiver is made knowingly and voluntarily.* (Emphasis added).

In *Valonis*, we explained the evolution of the Rule:

Md. Rule 4–246[1] was adopted by the Court of Appeals in 1984 (patterned after revised Rule 735). . . . The Rule is designed to ensure that a criminal defendant who expresses a desire to be tried by the court be afforded an opportunity to waive his right to a jury trial. That opportunity is afforded when the nature of a jury trial is explained to him [or her] along with some explanation of the nature of a court trial and/or the distinction between the two modes of trial. This Court and the Court of Special Appeals have said that compliance with the Rule is determined based on the facts and circumstances of each case[,] and the totality of the circumstances as reflected by the entire record. The intermediate appellate court has also noted that Rule 4–246 was intended to incorporate the constitutional due process standard for waiver of a fundamental right but no more. We observed in *Martinez*, 309 Md. at 133, 522 A.2d at 955, that "[f]or a waiver to be valid, the court must be satisfied that the defendant's election was made knowledgeably and voluntarily." In other words, the waiver

7

must have been an intentional relinquishment or abandonment of a known right or privilege. In addition, the trial court, under Rule 4–246, must satisfy itself that the waiver is not a product of duress or coercion and further that the defendant has some knowledge of the jury trial right before being allowed to waive it.

By adopting the recommendation of the Rules Committee to amend Rule 4–246(b), by Order of this Court dated December 4, 2007, effective January 1, 2008, we deleted the words "it determines" and added to the Rule the phrase "the court determines and announces on the record" and further added Committee and Cross reference notes. By adding the phrase, "the court determines and announces on the record," the Court clearly directed circuit court judges to make an explicit determination of a defendant's knowing and voluntary waiver, or lack thereof, on the record.

431 Md. at 561-62, 66 A.3d at 666-67 (footnote omitted).

As amended in 2008, the Rule very clearly sets out a two-step procedure: (1) "an examination of the defendant on the record in open court," commonly referred to as the "waiver colloquy," and (2) "the court['s] determin[ation] and announce[ment] on the record that the waiver is made knowingly and voluntarily," which we refer to as the "determination and announcement requirement." Md. Rule 4-246(b). By making a determination, the trial judge engages in fact-finding. Thereafter, the trial judge announces those findings on the record. Accordingly, the determination and announcement requirement is an essential component of the Rule. The Rule contemplates full compliance with both steps of the waiver procedure. Failure to comply is grounds for reversal.

In the present cases, we explain what is required of trial judges to comply with both steps of the waiver procedure under Rule 4-246(b). Specifically, the issue before us in these cases is whether the trial judges' determination and announcement satisfy the requirements

8

of Rule 4-246(b). The pertinent language from the Rule reads: "the court determines and announces on the record that the waiver is made knowingly and voluntarily." Because the phrase begins with "the court," it is clear that the explicit announcement must come directly from the trial judge. Indeed, we stated in *Valonis* that "[i]t is the responsibility of the trial judge to make a determination and to announce it on the record." 431 Md. at 568, 66 A.2d at 670. This was the problem in *Nalls*, the first of the cases consolidated for the purpose of this appeal. In that case, *defense counsel* asked the defendant if he was waiving his jury trial right "freely and voluntarily," but the trial judge never made an explicit announcement that the waiver was knowing and voluntary. Therefore, the trial judge in *Nalls* failed to comply with Rule 4-246(b).

The second part of the relevant phrase, "determines and announces on the record," is likewise clear. To announce findings explicitly is "to make publicly known" or "to proclaim formally." *Black's Law Dictionary* 98 (8th ed. 2004). This requirement is "in place to ensure that the waiver procedure is not discharged as a mere matter of rote, but, instead, is undertaken with sound and advised discretion, to conclude that the defendant's waiver is or is not knowing and voluntary." *Valonis*, 431 Md. at 568, 66 A.3d at 671 (quotations omitted). Requiring the trial judge to evaluate the criminal defendant's waiver and to announce the trial judge's determination on the record speaks to the importance of the criminal defendant's fundamental right to a jury trial. In addition, compliance with the requirement that a trial judge announce explicitly his or her findings on the record assists in appellate review. We rely upon the trial judge's pronouncement because of the obvious

9

limitations to our review of a cold record. The trial judge is in a position to view the defendant's demeanor and body language, including facial expressions, tone of voice, etc., in making his or her finding of waiver. In that regard, we do not rely on implicit findings.

The final part of the Rule is "that the waiver is made knowingly and voluntarily." Although a "fixed litany" is not required, *Abeokuto v. State*, 391 Md. 289, 320, 893 A.2d 1018, 1036 (2006), both concepts of "knowingly" and "voluntarily" must be addressed in the trial judge's announcement. *See Valonis*, 431 Md. at 570, 66 A.3d at 672 ("Strict compliance with the requirements of Rule 4–246(b) will ensure that there is an adequate examination of the defendant, such that the judge may determine and announce on the record that the defendant's waiver was knowing and voluntary."). That is, although we shall not require the trial judge to recite any "magic words," the Rule requires the trial judge to address both concepts in making his or her explicit announcement on the record. Indeed, synonyms for or words other than "knowingly" and "voluntarily" that capture the concepts of the words used in the Rule are sufficient to achieve full compliance.

In *Martinez v. State*, 309 Md. 124, 522 A.2d 950 (1987), we pointed out that "[a] competent waiver must depend on the unique facts and circumstances of each case. However, the court must be concerned that the waiver is not a product of duress or coercion. Furthermore, a defendant must have some knowledge of the jury trial right before he is allowed to waive it." 309 Md. at 134, 522 A.2d at 955. To be certain, "knowingly" and "voluntarily" are two distinct concepts. "Knowingly" has been regarded as synonymous with "intelligently," *State v. Zimmerman*, 261 Md. 11, 13 n.1, 273 A.2d 156, 158 n.1 (1971), and

10

has been defined as "having or showing awareness or understanding," *Black's Law Dictionary* 888 (8th ed. 2004). Maryland courts have consistently required that for an action to be voluntary, it should be both an exercise of "unconstrained free will" and be "intentional." *Wills v. Jones*, 340 Md. 480, 495, 667 A.2d 331, 338 (1995). The Committee Note concerning Rule 4-246 suggests that a knowing waiver ensures a defendant's *understanding* of his right to a jury trial, and a voluntary waiver is one made under a defendant's free will, uncoerced, and uninfluenced by drugs or alcohol.[4] So long as the trial judge determines that a waiver is made both "knowingly" and "voluntarily," or uses

---

[4] The Committee Note reads:

In determining whether a waiver is *knowing*, the court should seek to ensure that the defendant understands that: (1) the defendant has the right to a trial by jury; (2) unless the defendant waives a trial by jury, the case will be tried by a jury; (3) a jury consists of 12 individuals who reside in the county where the court is sitting, selected at random from a list that includes registered voters, licensed drivers, and holders of identification cards issued by the Motor Vehicle Administration, seated as jurors at the conclusion of a selection process in which the defendant, the defendant's attorney, and the State participate; (4) all 12 jurors must agree on whether the defendant is guilty or not guilty and may only convict upon proof beyond a reasonable doubt; (5) if the jury is unable to reach a unanimous decision, a mistrial will be declared and the State will then have the option of retrying the defendant; and (6) if the defendant waives a jury trial, the court will not permit the defendant to change the election unless the court finds good cause to permit the change.

In determining whether a waiver is voluntary, the court should consider the defendant's responses to questions such as: (1) Are you making this decision of your own free will?; (2) Has anyone offered or promised you anything in exchange for giving up your right to a jury trial?; (3) Has anyone threatened or coerced you in any way regarding your decision?; and (4) Are you presently under the influence of any medications, drugs, or alcohol?

11

synonyms that represent the same concepts, the court will have complied fully with Rule 4-246(b). Addressing only one of the two concepts is not enough. Similarly, the mere statement "I accept the waiver" by the trial judge, despite a thorough colloquy, does not satisfy the Rule.

In both cases under review, the trial judges failed to comply with Rule 4-246(b).[5] As we have already noted, the trial judge in *Nalls* never made an explicit announcement that the waiver was knowing and voluntary. The trial judge's statement, "I am satisfied, sir, that you have waived your right to have a jury trial and you're going to have a court trial," does not address either prong of the waiver analysis and therefore fails to meet the requirements of Rule 4-246(b). In *Melvin*, the trial judge found that: "I'm satisfied that you knowingly, intelligently waived your right for a jury trial." We point out that for purposes of Rule 4-246(b), "knowingly" and "intelligently" represent the same concept, and accordingly, the trial judge's statement omitted the determination of voluntariness. By addressing only one half of the required announcement under the Rule, the trial judge's assessment of the criminal defendant's waiver of a jury trial was insufficient.[6]

---

[5] We note that this Rule, as amended in 2007, applies to all cases commenced on or after January 1, 2008. Md. Rule 4-246.

[6] In *Melvin*, the State puts forth the argument that the trial judge's announcement was merely a "slip of the tongue" when she stated that Melvin "knowingly, intelligently waived [his] right to a jury trial," and that instead, the trial judge must have meant he "knowingly, voluntarily" waived his right. This argument is not persuasive. This Court has concluded that "it is not always possible to distinguish between an inadvertent slip of the tongue and a true change of mind," *Ridgeway v. State*, 369 Md. 165, 172, 797 A.2d 1287, 1291 (2002) (quotations omitted), and in a case such as this which involves a fundamental constitutional

(continued...)

12

## B. Preservation

Generally, in order to "preserve" an issue for appellate review, the complaining party must have raised the issue in the trial court or the issue was decided by the trial court. Md. Rule 8-131(a).[7] In other words, if a party fails to raise a particular issue in the trial court, or fails to make a contemporaneous objection, the general rule is that he or she waives that issue on appeal. *See Robinson v. State*, 410 Md. 91, 110, 976 A.2d 1072, 1083 (2009) (holding that appellant's claim was not preserved for appellate review because he failed to make a timely objection at trial); *Caviness v. State*, 244 Md. 575, 578, 224 A.2d 417, 418 (1966) ("[U]nless a defendant makes timely objections in the lower court or makes his feelings known to that court, he will be considered to have waived them and he can not now raise such objections on appeal."); *see also* Md. Rule 4-323.

In the instant cases, as in *Valonis*, there is no question that Petitioners did not object to the trial court's determination and announcement at the time it was made, *ergo*, the issue now raised by Petitioners is, by definition, unpreserved. Nevertheless, we reached the merits in the *Valonis* cases, stating:

> Rule 4-246(b) is a rule of procedure governing the waiver of a fundamental constitutional right. Its provisions specifying that the defendant be examined on the record regarding his or her waiver of the right to a jury trial, and that the

_____

(...continued)
right, we will not attempt to guess the trial judge's true intentions.

[7] Md. Rule 8-131(a) provides in pertinent part that "[o]rdinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court, but the Court may decide such an issue if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal."

13

trial court make a determination and announcement with regard to whether the waiver was knowingly and voluntarily made are subject to strict compliance. Because the onus is on the trial court to announce its determination, it would be, as indicated by the Court of Special Appeals in the *Valonis* case, "perverse to penalize [the defendant] for failing to alert the court to [an] error in a procedure whose whole purpose was [and is] for the court to ensure that [the defendant] understood what was going on." As Judge Bell, now Chief Judge of this Court, writing for the Court of Special Appeals noted in *Bell v. State*, 66 Md. App. 294, 298, 503 A.2d 1351, 1353-54 (1986) (citations omitted) in his review of Maryland case law, the record should affirmatively show compliance with the Rule's tenets, and "failure to object does not preclude appellate review." The waiver of the constitutional right to a trial by jury must "appear affirmatively in the record . . . . [i]ndeed, it is the very basis of the appeal." *Id.* (citations and quotations omitted). Moreover, because of the importance of this Rule in this case it is desirable that we opine on the matter "to guide the trial court or to avoid the expense and delay of another appeal." Md. Rule 8-131(a).

*Valonis*, 431 Md. at 568-69, 66 A.3d at 671. It is the mixture in our explanation of dual bases for reaching the merits that has led to some confusion and the instant appeals.

In the cases before us, the Petitioners believe that *Valonis* created an exception to the general contemporaneous objection requirement to preserve an issue for appeal. The State, on the other hand, argues that by citing Rule 8-131(a), we relied solely on our discretionary review power to reach the merits in *Valonis*. With the benefit of hindsight, we clarify.

As we made clear in *Valonis*, Rule 4-246(b) is a rule of procedure designed to protect a criminal defendant's constitutional right to a jury trial. 431 Md. at 568, 66 A.3d at 671. The determination and announcement requirement goes to the very heart of the fundamental right to a jury trial. For that reason, we made clear that a violation of the Rule is not merely a technical one. *Valonis*, 431 Md. at 569, 66 A.3d at 671. Because of that constitutional significance, and perceived problems with compliance among the trial courts, we held that

14

we would reach the merits of the case pursuant to our authority under Rule 8-131(a), "to guide the trial court or to avoid the expense and delay of another appeal." *Id.*

Although appellate courts ordinarily will not reach an issue not decided by the court below, in limited circumstances, "if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal[,]" appellate courts may exercise their discretion to decide an issue that was not preserved. *See* Md. Rule 8-131(a). "We usually elect to review an unpreserved issue only after it has been thoroughly briefed and argued, and where a decision would (1) help correct a recurring error, (2) provide guidance when there is likely to be a new trial, or (3) offer assistance if there is a subsequent collateral attack on the conviction." *Conyers v. State*, 354 Md. 132, 150-51, 729 A.2d 910, 919-20 (1999). We elected to exercise our discretion to review the merits in *Valonis* due to our perception of a recurring problem–namely, the failure of trial judges to follow Rule 4-246(b)–and to further encourage trial judges to adhere to the letter of the Rule.

Similarly, based on the continued confusion surrounding this issue in the trial courts, we shall exercise our discretionary review under Rule 8-131(a) in the instant cases, as we did in *Valonis*, to provide further guidance in this important area. We hold that the trial judges in the instant cases did not comply with Rule 4-246(b) before proceeding with a bench trial. Going forward, however, the appellate courts will continue to review the issue of a trial judge's compliance with Rule 4-246(b) provided a contemporaneous objection is raised in the trial court to preserve the issue for appellate review. Accordingly, to the extent that *Valonis* could be read to hold that a trial judge's alleged noncompliance with Rule 4-246(b)

15

is reviewable by the appellate courts despite the failure to object at trial, that interpretation is disavowed.

## C. Sanction

The State contends that the appropriate remedy in situations involving noncompliance with Rule 4-246(b) is a limited remand pursuant to Rule 8-604.[8] Specifically, the State urges us to remand the case to the trial court so that the trial judge could restate the determination and announcement on the record. The State also contends, in the alternative, that we should apply harmless error analysis where the trial judge made an announcement but failed to include a specific determination as to both components of the waiver, *i.e.*, the knowledge *and* voluntariness prongs. These arguments, however, rest on the State's contention that the error in these cases is merely procedural, having no effect on the defendant's substantive rights. We specifically rejected this argument in *Valonis*. 431 Md. at 569, 66 A.3d at 671 ("[T]he trial judge's failure to announce its determination on the record is not a mere technicality and is not subject to harmless error analysis."). We further held that failure to comply with Rule 4-246(b) constitutes reversible error. *Valonis*, 431 Md. at 570, 66 A.3d at 672. We see no reason to deviate from that decision.

In addition, a limited remand would be impractical. If we were to order a limited remand, the trial judge would be required to review a waiver colloquy that took place several

---

[8] Md. Rule 8-604 provides in pertinent part: "(d) . . . If the Court concludes that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment, or that justice will be served by permitting further proceedings, the Court may remand the case to a lower court."

months, if not years, prior. Although the trial judge may have a clear memory of the particular defendant's waiver, it is more likely that he or she would be reviewing an otherwise cold record to confirm and announce that the defendant made a knowing and voluntary waiver those several months or years prior. Clearly, this result would not serve the purpose of the Rule. We cannot stress enough that the underlying purpose of Rule 4-246(b) is to ensure, both for the trial judge and for the appellate courts, that the defendant makes a knowing and voluntary waiver, *at the time the waiver is made*. Therefore, the only appropriate sanction is a reversal.

### D. Nalls's Conviction of Sexual Offense in the Third Degree

Respondent in *Nalls v. State* filed a conditional cross-petition for certiorari asking this Court to determine whether the Court of Special Appeals erred in finding that Nalls's conviction for third degree sexual offense should be vacated. This issue is unique to this case, and we therefore answer it separately. After review of the record, we conclude that the Court of Special Appeals's iteration of the relevant evidence is persuasive, and we therefore adopt its holding that the evidence was insufficient to support a conviction of third degree sexual offense. At the time of the commission of the crimes charged, third degree sexual offense was codified under Md. Code (2002), § 3-307 of the Criminal Law Article, which provided, in pertinent part, that "[a] person may not . . . engage in sexual contact with another if the victim is a mentally defective individual, mentally incapacitated individual, or a

17

physically helpless individual[.]"[9] "Sexual contact," for purposes of a third degree sexual

offense, was defined as:

> (1) . . . an intentional touching of the victim's or the actor's genital, anal, or
> other intimate area for sexual arousal or gratification, or for the abuse of
> either party.
> (2) "Sexual contact" includes an act:
>> **(i) in which a part of an individual's body, except the penis,**
>> **mouth, or tongue, penetrates, however slightly, into another**
>> **individual's genital opening or anus;** and
>> (ii) that can reasonably be construed to be for sexual arousal or
>> gratification, or for the abuse of either party.

Md. Code (2002), § 3-101(f) of the Criminal Law Article (Emphasis added).[10]  Under the

plain language of the statute, penile penetration is excluded as a form of "sexual contact."

The intermediate appellate court in *Bayne v. State*, 98 Md. App. 149, 632 A.2d 476

(1993) made it clear that evidence of a single act of penile penetration cannot be the basis of

a conviction for third degree sexual offense.  In that case, the court described the evidence

---

[9] Section 3-307(a)(2) stated in full:

(a) A person may not:

> (2) engage in sexual contact with another if the victim is a mentally
> defective individual, a mentally incapacitated individual, or a physically
> helpless individual, and the person performing the act knows or
> reasonably should know the victim is a mentally defective individual,
> a mentally incapacitated individual, or a physically helpless individual.

[10] This statute was amended, effective October 1, 2011. The 2011 Amendment
"eliminates from the definition of sexual contact an act in which a part of an individual's
body, except the penis, mouth or tongue, penetrates, however slightly, into another
individual's genital opening or anus."  Dep't of Legislative Servs., Fiscal and Policy Note,
S.B. 204 at 4 (2011).  In the present case, the incident took place in October 2006, which was
prior to the 2011 amendment of the statute, and we therefore assess the case under the
statutory definition of "sexual contact" that existed at that time, which is the 2002 version
quoted above.

against the defendant as follows: "In light of the victim's assertion that appellant touched her with his 'private' on at least one occasion and her failure to remember whether there were other occasions, we must, in reviewing this issue, assume that only one assault took place and that it involved the appellant's penis penetrating the victim's genitals." *Bayne*, 98 Md. App. at 156, 632 A.2d at 479.

The issue before the court in *Bayne* was whether the trial court erred when it failed to include the definition of "sexual contact" in its jury instruction for third degree sexual offense. *Bayne*, 98 Md. App. at 157, 632 A.2d at 480. If the definition had been included in the jury instruction, the court reasoned, "the second degree rape and the third degree sexual contact charges could have been described, under the circumstances of this case, as separate and mutually exclusive acts." *Id*. Because the definition was not part of the jury instruction, however, an improper inference could have been drawn that sexual contact includes penile penetration. *Id.* The Court of Special Appeals concluded that "[b]y defining sexual contact as not including penile penetration, the legislature has expressly stated that such an act cannot constitute a sexual contact for third degree sexual offense purposes. The legislation's intentions are not vague or ambiguous–they are clear." *Bayne*, 98 Md. App. at 159, 632 A.2d at 481.

In the case at bar, the evidence presented by the State in its case in chief showed that: (1) the victim was asleep in her bedroom and awoke to a feeling of pain in her vagina and realized Nalls was having intercourse with her; (2) the SAFE examination showed abrasions to the victim's genitals consistent with vaginal penetration; and (3) a DNA analysis revealed

the presence of Nalls's DNA on vaginal swabs that were collected from the victim during the SAFE examination. As in *Bayne*, the only evidence on the record demonstrates the act of penile penetration. Considering the evidence in the light most favorable to the State, we affirm the intermediate appellate court's reversal of Nalls's conviction for third degree sexual offense because no rational trier of fact could find, beyond a reasonable doubt, that Nalls committed an act of sexual contact in addition to an act of vaginal penetration.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED IN PART. CASES REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE RESPECTIVE TRIAL COURTS FOR A NEW TRIAL WITH COSTS.**

Circuit Court for Anne Arundel County
Criminal Case No. 02-K-08-000583
Circuit Court for Caroline County
Criminal Case No. 05-K-009002
Argued: February 6, 2014

IN THE COURT OF APPEALS OF

MARYLAND

Nos. 54 and 95

September Term, 2013

CHADWICK MICHAEL NALLS

v.

STATE OF MARYLAND

JUSTIN ALLEN MELVIN

v.

STATE OF MARYLAND

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Concurring Opinion by Battaglia, J.

Filed: April 23, 2014

I concur with the Majority's conclusion that "in both cases under review, the trial judges failed to comply with Rule 4-246(b)" by failing to strictly adhere to both prongs of the waiver analysis. Maj. Op. at 13. I write separately, however, to state that Rule 4-246 requires strict compliance by the trial judge, such that his or her failure to adhere to requirements requires appellate review whether or not there was an objection to the failure to announce. The nature of the judge's failure should not be controlled by the possibility of hapless counsel. In *Valonis*, we were very clear that the judge was the responsible actor in the colloquy to ensure that the defendant was protected:

> Rule 4–246(b) is a rule of procedure governing the waiver of a fundamental constitutional right. Its provisions specifying that the defendant be examined on the record regarding his or her waiver of the right to a jury trial, and that the trial court make a determination and announcement with regard to whether the waiver was knowingly and voluntarily made are subject to strict compliance. Because the onus is on the trial court to announce its determination, it would be, as indicated by the Court of Special Appeals in the *Valonis* case, "perverse to penalize [the defendant] for failing to alert the court to [an] error in a procedure whose whole purpose was [and is] for the court to ensure that [the defendant] understood what was going on." As Judge Bell, now Chief Judge of this Court, writing for the Court of Special Appeals noted in *Bell v. State*, 66 Md.App. 294, 298, 503 A.2d 1351, 1353–54 (1986) (citations omitted) in his review of Maryland case law, the record should affirmatively show compliance with the Rule's tenets, and "failure to object does not preclude appellate review." The waiver of the constitutional right to a trial by jury must "appear affirmatively in the record, and a failure of it to so appear is not grounds for dismissal of the appeal . . . [i]ndeed, it is the very basis of the appeal." *Id.* (citations and quotations omitted). Moreover, because of the importance of this Rule in this case it is desirable that we opine on the matter "to guide the trial court or to avoid the expense and delay of another appeal." Md. Rule 8–131(a).

*Valonis v. State*, 431 Md. 551, 568-69, 66 A.3d 661, 671 (2013).  In sum, it is indeed a "perversity" to require an objection, as it would be to require, for judicial intervention, an individual to remind a police officer that he did not advise the accused of his *Miranda* rights.[1]

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

No. 54 Circuit Court for Anne Arundel County
Case. No. 02-K-08-000583
Argued: February 6, 2014
No. 95 Circuit Court for Caroline County
Case No. 05-K-11-009002
Argued: February 6, 2014

IN THE COURT OF APPEALS
OF MARYLAND

Nos. 54 and 95

September Term 2013

---

CHADWICK MICHAEL NALLS

v.

STATE OF MARYLAND

---

JUSTIN ALLEN MELVIN

v.

STATE OF MARYLAND

---

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

---

Concurring and Dissenting Opinion
by McDonald, J., which Adkins, J., joins.

---

Filed: April 23, 2014

For the reasons set forth in my dissenting opinion in *Szwed v. State*, ___ Md. ___, ___ A.3d ___ (2014), I disagree with the plurality's application of Rule 4-246(b) in these cases, although I agree with its holding that the contemporaneous objection rule applies.  I also agree with Judge Watts' proposed disposition of these cases.  I concur in the Court's disposition of the issue as to the sufficiency of the evidence as to one of the counts in the *Nalls* case.

Judge Adkins has advised that she joins this opinion.

Circuit Court for Anne Arundel County
Criminal Case No. K-2008-000583
Circuit Court for Caroline County
Criminal Case No. 05-K-009002

Argued: February 6, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Nos. 54 & 95

September Term, 2013

_____

CHADWICK MICHAEL NALLS

v.

STATE OF MARYLAND

_____

JUSTIN ALLEN MELVIN

v.

STATE OF MARYLAND

_____

Barbera, C.J.,
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Concurring and Dissenting Opinion by Watts, J.

_____

Filed: April 23, 2014

Respectfully, I concur and dissent.[1] I would hold that any issue as to the circuit courts' announcements of Petitioners' waivers of the right to a jury trial pursuant to Maryland Rule 4-246(b) is not preserved for appellate review due to the lack of a contemporaneous objection; and I would not exercise the discretion to review the issue.

Following <u>Valonis v. State</u>, 431 Md. 551, 66 A.3d 661 (2013), questions arose as to whether this Court had eliminated the requirement of a contemporaneous objection to preserve for appellate review the issue of the waiver of the right to a jury trial, or whether an objection was indeed required but this Court had nonetheless exercised its discretion pursuant to Rule 8-131(a) to address the issue. In a salutary development, with the instant opinion, the Court eliminates any doubt and conclusively determines that a contemporaneous objection is required to preserve for appellate review the waiver of the right to a jury trial pursuant to Rule 4-246(b); <i>i.e.</i>, <u>Valonis</u> does not excuse non-preservation. The Court now unambiguously states that, in <u>Valonis</u>, the Court exercised its discretion pursuant to Rule 8-131(a) to address the issue.[2]

---

[1]I concur with the conclusion that the evidence was insufficient to support Nalls's conviction for third-degree sexual offense.

[2]The plain language of <u>Valonis</u> mandated such a determination. In <u>Valonis</u>, 431 Md. at 569, 66 A.3d at 671, we narrowly "conclude[d] **in the two cases before the court** that the issue of waiver [was] preserved for appellate review notwithstanding the defendant's failure to object." (Emphasis added). In reaching that conclusion, we specifically stated:

> Rule 4-246(b) is a rule of procedure governing the waiver of a fundamental constitutional right. Its provisions specifying that the defendant be examined on the record regarding his or her waiver of the right to a jury trial, and that the trial court make a determination and announcement with regard to whether the waiver was knowingly and

(Continued...)

In light of the plain language of <u>Valonis</u>, in addition to agreeing that a contemporaneous objection is required for preservation, and as the Court now explains– that, in <u>Valonis</u>, this Court exercised its discretion under Rule 8-131(a) to reach the issue of the trial court's announcement–I would not extend that discretion to these and future

voluntarily made are subject to strict compliance.  Because the onus is on the trial court to announce its determination, it would be, as indicated by the Court of Special Appeals in the *Valonis* case, "perverse to penalize [the defendant] for failing to alert the court to [an] error in a procedure whose whole purpose was [and is] for the court to ensure that [the defendant] understood what was going on."  As Judge Bell, now Chief Judge of this Court, writing for the Court of Special Appeals noted in *Bell v. State*, 66 Md. App. 294, 298, 503 A.2d 1351, 1353-54 (1986) (citations omitted) in his review of Maryland case law, the record should affirmatively show compliance with the Rule's tenets, and "failure to object does not preclude appellate review."  The waiver of the constitutional right to a trial by jury must "appear affirmatively in the record, and a failure of it to so appear is not grounds for dismissal of the appeal . . . [i]ndeed, it is the very basis of the appeal." *Id.* (citations and quotations omitted).  Moreover, because of the importance of this Rule in this case it is desirable that we opine on the matter "to guide the trial court or to avoid the expense and delay of another appeal." Md. Rule 8-131(a).

**Accordingly**, we conclude **in the two cases before the court** that the issue of waiver is preserved for appellate review notwithstanding the defendant's failure to object.

(Emphasis added) (alterations and omission in original).

In <u>Valonis</u>, 431 Md. at 569, 66 A.3d at 671, we expressly limited the preservation finding to "the two cases before the court" after giving reasons for issuing the ruling as to the two cases.  Indeed, in <u>Valonis</u>, one of the reasons given for exercising the discretion to address what would otherwise have been an unpreserved issue, due to a lack of objection, was to provide guidance to the trial courts and avoid the expense and delay of another appeal.  <u>See</u> <u>Valonis</u>, 431 Md. at 569, 66 A.3d at 671 ("[B]ecause of the importance of this Rule in this case it is desirable that we opine on the matter 'to guide the trial court or to avoid the expense and delay of another appeal.'  Md. Rule 8-131(a).").

cases to the detriment of the requirement that defense counsel lodge objections and preserve for appellate review easily identifiable issues such as this. In other words, I would not extend that discretion to cases in which the challenge merely involves the efficacy of the court's announcement where the record demonstrates that the colloquy was adequate and the waiver was made knowingly and voluntarily.

In the present cases, I would hold that Melvin and Nalls failed to preserve any issue as to the circuit courts' announcements of their waivers of the right to a jury trial by failing to contemporaneously object after the circuit courts announced that they were "satisfied" that Melvin "knowingly, intelligently waived [his] right for a jury trial[,]" and "satisfied" that Nalls "waived [his] right to have a jury trial and [he was] going to have a court trial"; and I would proceed no further. Notably, in Melvin and Nalls, Petitioners do not contend that they did not knowingly and voluntarily waive their right to a jury trial; nor do they contend that the record fails to demonstrate that the waiver was made knowingly and voluntarily. Stated otherwise, Petitioners fail to raise a substantive challenge before this Court regarding their waivers of the right to a jury trial. Instead, the issues that Petitioners raise concern only whether the circuit court's announcement accepting the waiver complied with the format dictated by Rule 4-246(b). It is undisputed that Petitioners failed to object to the circuit courts' allegedly faulty announcements and do not substantively challenge the waivers.

Although I would find the issue unpreserved, insofar as compliance is concerned, Rule 4-246(b) logically requires a determination on the record that a defendant's waiver was knowing and voluntary and an announcement by the trial court of its decision in a

- 3 -

manner that demonstrates the trial court found the waiver to be knowingly and voluntarily made. I would conclude, however, that Rule 4-246(b) does not require a word-for-word recitation by the trial court of certain words or any particular synonyms where the record clearly demonstrates that the proper inquiry of the defendant concerning knowledge and voluntariness was conducted and that the trial court made a proper determination and an announcement of its decision. To conclude otherwise renders meaningless the waiver colloquy and places form over substance. From my vantage point, the purpose of Rule 4-246(b) is to require that the waiver, indeed, be knowingly and voluntarily given and not just appear so.[3] It is the waiver colloquy and whether or

---

[3]Melvin is a perfect example of where focusing strictly on the terms of the announcement rather than the substance of the waiver colloquy would amount to elevating form over substance. In Melvin, it is undeniable that the colloquy was more than sufficient to demonstrate that Petitioner's waiver of the right to a jury trial was knowing and voluntary. The record reflects that, prior to trial, upon hearing that Petitioner desired to waive his right to a jury trial, the circuit court advised Petitioner of the right to a jury trial, described the jury trial process, and asked whether Petitioner intended to waive his right to a jury trial and proceed with a bench trial, and Petitioner replied: "Yes, Your Honor." Specifically, the circuit court advised and questioned:

> And you have a right to a trial by jury and if you choose a jury trial, you and your lawyer and the State would pick twelve people from the voters rolls, and the driver's rolls of Caroline County. They'd represent a cross section of the community in each of the twelve. They would have to be satisfied beyond a reasonable doubt that you were guilty in order to find you guilty. All twelve would have to agree that you were not guilty in order to find you not guilty. If they cannot agree that would be a hung jury and the State could try you over until you were found not guilty or guilty. If you waive your right to a jury trial, you will be tried before a Judge, and the Judge would have to be satisfied . . . beyond a reasonable doubt you were guilty in order to find you guilty. Is it your intention to waive your right to a jury trial today and proceed with a court trial when you come to court?

(Continued...)

not the trial court's decision is accurate that are critical, not the recitation of certain words and their synonyms.  This recognition ensures that jury trial waivers will indeed be determined to be knowingly and voluntarily given.

Thus, for all of the reasons stated above, I, respectfully, concur and dissent.

---

Moreover, the circuit court specifically inquired into the voluntariness of the waiver, asking: "And has anybody made any threats or promises to make you do that?" Petitioner responded "No."  The circuit court next asked: "You realize by waiving your right to a jury trial now you can't come back on the trial date and say you want a jury trial, do you understand?"  Petitioner responded affirmatively.  Immediately thereafter, the circuit court announced: "Alright, I'm satisfied that you knowingly, intelligently waived your right for a jury trial."

From this record, it is readily apparent that the circuit court's announcement that the waiver was "knowingly[ and] intelligently waived"–as opposed to knowingly and voluntarily waived–was the equivalent of, and, indeed, intended to be, the required finding; *i.e.*, the circuit court's pronouncement was no more than a slip of the tongue.  To hold that the circuit court's determination and announcement did not comply with Maryland Rule 4-246(b) would be to ignore the substance of the circuit court's extensive waiver colloquy, which demonstrated that the waiver was knowingly and voluntarily made.

Similarly, prior to the circuit court announcing that it was satisfied, the record in Nalls reflects that defense counsel thoroughly explained the right to a jury trial and the jury trial process to Petitioner in a colloquy before the circuit court, and that Petitioner responded affirmatively that he understood the jury trial right and chose to waive it. Specifically, in response to defense counsel's question as to whether he was "doing this freely, voluntarily, and you and I have discussed it at great length," Nalls said, "Yes."