GREENE, J.
This case involves issues of law similar to our recently consolidated cases in Nalls v. State and Melvin v. State, 437 Md. 674, 89 A.3d 1126, 2014 WL 1613399 (2014). For the *3 reasons explained in the majority opinion in Nalls & Melvin, and as summarized here, the judgment of the Court of Special Appeals shall be reversed. In this opinion, as we did in Nalls & Melvin, we address a challenge that has arisen since our decision in Valonis & Tyler v. State, 431 Md. 551, 66 A.3d 661 (2013). We reaffirm our holding in Valonis that a trial judge must comply fully with Md. Rule 4-246(b), and that failure to comply is reversible error. We further address what constitutes a trial judge’s valid determination and announcement on the record under Rule 4-246(b), whether a defendant’s failure to object precludes appellate review, and the appropriate sanction when a trial judge fails to comply with the waiver requirements.
I. FACTS
The charges against Petitioner James Szwed (“Szwed”) stemmed from a burglary of a house in Accokeek, Maryland. Szwed was indicted in the Circuit Court for Prince George’s County, and charged with first, third, and fourth degree burglary, theft over $1000, and malicious destruction of property. At the conclusion of a bench trial, the court found Szwed guilty of all three burglary counts, theft under $1000, and malicious destruction of property having a value of less than $500. Szwed was sentenced to a term of incarceration of 15 years. Prior to the commencement of the bench trial, the following exchange occurred:
[Defense Counsel]: Mr. Szwed and I have discussed the possibility of a court trial. That is a non-jury trial. Have we not, Mr. Szwed?
[Szwed]: Yes.
[Defense Counsel]: What do you want to do? Do you want the judge to decide your case or a jury?
[Szwed]: The judge.
[The trial judge inquires about Szwed’s age, education, and health.]
*4 [Trial Judge]: Your attorney has indicated that you want to elect to be tried by the [c]ourt as opposed to a jury; is that correct?
[Sawed]: Yes, ma’am.
[Trial Judge]: If you elected a jury trial, a jury would consist of 12 people from the community whom you would help choose. Their verdict would have to be unanimous. In other words, all 12 jurors would have to believe you were guilty beyond a reasonable doubt or you couldn’t be convicted. If even one felt that you were not guilty or that the State did not prove you were guilty, you could not be convicted. It would be a hung jury, a mistrial would be declared, and you would not be convicted of that offense. You could be retried, but you would not be convicted. A judge has to be convinced beyond a reasonable doubt, as well, but the difference is it’s one person versus twelve jurors. Do you understand the difference between a court and a jury trial?
[Szwed]: Yes, ma’am.
[Trial Judge]: What is your election?
[Szwed]: For a judge trial.
[Trial Judge]: I’m going to find he made — has anyone threatened you or promised you anything in order to get you to make that election?
[Szwed]: No.
[Trial Judge]: All right. I’m going to find that he made a free and voluntary election of a court trial versus a jury trial. (Emphasis added.)
Following Szwed’s conviction, he noted an appeal the same day challenging the trial judge’s acceptance of the defendant’s jury trial waiver. The Court of Special Appeals affirmed the judgment in an unreported opinion prior to the publication of this Court’s opinion in Valonis, 431 Md. 551, 66 A.3d 661. The intermediate appellate court held that because defense counsel failed to object at the time of the defendant’s jury trial waiver, the issue was not preserved for review. Nonetheless, the Court of Special Appeals stated that had the issue been *5 preserved, the court would have held that the trial judge sufficiently satisfied the announcement requirement under Md. Rule 4-246(b). We then granted certiorari, Szwed v. State, 432 Md. 467, 69 A.3d 474 (2013).
In his petition for certiorari, Szwed asks:
Did the trial court err in accepting Szwed’s purported waiver of jury trial and in proceeding with a bench trial without fully complying with Maryland Rule 4-246?
II. DISCUSSION
A. Preservation
Petitioner argues that this Court can reach the merits of this case because, he contends, Valonis created an exception to the general contemporaneous objection requirement to preserve an issue for appeal. On the other hand, the State argues that we relied solely on our discretionary review power pursuant to Rule 8-131(a) to reach the merits in Valonis, and therefore Petitioner’s claims in this case are not preserved for review in this Court. As we clarified in Nalls & Melvin, in Valonis we elected to exercise our discretion to review the merits due to our perception of a recurring problem — namely, the failure of trial judges to follow Rule 4-246(b) — and to further encourage trial judges to adhere to the letter of the Rule. For the same reasons stated in Nalls & Melvin, we reach the merits in the instant appeal, notwithstanding the lack of a contemporaneous objection at trial.
B. Compliance with Md. Rule 4-246(b)
In Valonis, we held that a trial judge must comply with Md. Rule 4-246(b), and that failure to comply is reversible error. The Rule requires an in-court inquiry into the criminal defendant’s waiver of his or her right to a jury trial. Although the inquiry may be conducted by the prosecutor, defense counsel, the court, or any combination of the three, the Rule also requires that the trial judge engage in the process and announce on the record a finding as to whether the defendant’s waiver was made knowingly and voluntarily. *6 In this Court’s opinion in Nalls & Melvin, we emphasized that a trial judge’s determination and announcement on the record must explicitly state the trial judge’s findings that the criminal defendant’s waiver of his right to a jury trial was made both knowingly and voluntarily. Although the trial judge need not recite any “magic words,” the Rule requires the trial judge to address both concepts in making an explicit announcement on the record. Synonyms for or words other than “knowingly” and “voluntarily” that capture the concepts of the words used in the Rule can achieve compliance, so long as both concepts are represented.
In the instant case, the trial judge stated that: “I’m going to find that he made a free and voluntary election of a court trial versus a jury trial.” “Free” and “voluntary” have the same meaning for purposes of compliance with this Rule. Nowhere did the trial judge acknowledge that Szwed’s waiver was made “knowingly,” and therefore, the trial court did not comply fully with Rule 4 — 246(b). As we held in Nalls & Melvin, addressing one half of the required announcement neither suffices as a valid announcement that the criminal defendant’s jury trial waiver was both knowing and voluntary, nor confirms for the appellate courts that the trial judge was fully engaged in the process. We therefore conclude that the trial judge’s announcement that Szwed “made a free and voluntary election of a court trial” did not comply with Rule 4-246(b).
C. Sanction
As we held in Valonis and reaffirmed in Nalls & Melvin, the only appropriate sanction for noncompliance with Rule 4-246 is a reversal. Valonis, 431 Md. at 570, 66 A.3d at 672; Nalls & Melvin, 437 Md. at 694-95, 89 A.3d at 1137-38. Given the significance of the constitutional right protected by the Rule, a violation of the Rule is not a mere technicality. Failure to comply with Rule 4-246(b) constitutes reversible error and is not subject to harmless error analysis. Valonis, 431 Md. at 569, 66 A.3d at 671 (“[T]he trial judge’s failure to announce its determination on the record is not a mere *7 technicality and is not subject to harmless error analysis.”). In addition, a limited remand would be impractical because the trial judge would be required to review a waiver colloquy that took place several months, if not years, prior, which would undermine the purpose of the Rule. As we repeated in Nalls & Melvin, “the underlying purpose of Rule 4-246(b) is to ensure, both for the trial judge and for the appellate courts, that the defendant makes a knowing and voluntary waiver, at the time the waiver is made.” 437 Md. at 695, 89 A.3d at 1138 (emphasis in original). Accordingly, we reject the State’s argument that the trial court’s failure to comply with Rule 4-246 constitutes harmless error. The appropriate sanction in this case is reversal and remand for a new trial.
JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR A NEW TRIAL WITH COSTS.
BATTAGLIA, J., concurs.
ADKINS, MCDONALD and RAKER, JJ., dissent.