REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No.  1603

September Term, 2013

---

DUSTIN MEREDITH

v.

STATE OF MARYLAND

---

Krauser, C.J.,
Zarnoch,
Raker, Irma S.
        (Retired, Specially Assigned),

JJ.

---

Opinion by Raker, J.

---

Filed: June 26, 2014

Dustin Meredith, appellant, was convicted in the Circuit Court for Caroline County of theft scheme between $1,000 and $10,000 and six counts of theft. Before this Court, he presents one issue for our review: whether the trial court erred by failing to make a finding on the record that appellant voluntarily waived his right to a jury trial as required by Rule 4-246(b).

We shall hold that the issue has not been preserved for our review and shall affirm.

I.

Appellant was charged by criminal information in the Circuit Court for Caroline County with the offenses of first degree burglary, third degree burglary, fourth degree burglary, theft scheme between $1,000 and $10,000 and eleven counts of theft. He proceeded to trial before the Circuit Court for Caroline County, after purportedly waiving a jury trial. Pursuant to Maryland Code (2002, Repl. Vol. 2012) § 7-104 of the Criminal Law Article, the court convicted appellant of theft scheme and six counts of theft. The court acquitted appellant of all the other charges. The court sentenced appellant to a term of incarceration of ten years for theft scheme with all but seven years suspended and five years probation.[1]

Inasmuch as the sole issue on appeal relates to whether the trial judge complied with Rule 4-246 and the adequacy of a waiver of the right to a jury trial, we will dispense with the

---

[1]The court merged the theft charges for sentencing purposes.

underlying facts of the crimes and consider only the facts related to the jury trial waiver.

Appellant's purported waiver of his right to a jury trial occurred on July 23, 2013, as follows:

> "THE COURT: All right.  [Appellant], um, [Defense Counsel] just told me that you wish to waive your right to a jury trial.  What's your date of birth?
>
> [APPELLANT]: 6/29/89
>
> THE COURT: How old are you today?
>
> [APPELLANT]: 24.
>
> THE COURT: How much education have you had?
>
> [APPELLANT]: I have a high school diploma.
>
> THE COURT: Can you read and write?
>
> [APPELLANT]: Yes.
>
> THE COURT: Can you speak and understand English?
>
> [APPELLANT]: Yes.
>
> THE COURT: Are you under the influence of any substance that might affect your judgment?
>
> [APPELLANT]: No.
>
> THE COURT: Do you have any disability that might affect your judgment?
>
> [APPELLANT]: No.
>
> THE COURT: You have a right to be tried either by a judge or a jury in this case.  If you, if you were to be tried by a judge, that would be one person who would have to be satisfied beyond a reasonable doubt that you were guilty in order to find you guilty.

2

If you chose a jury you and your lawyer and the State's Attorney would pick 12 people from the voter rolls and the driver rolls of Caroline County. They would represent a cross-section of the community and each of the 12 would have to be satisfied beyond a reasonable doubt that you were guilty in order to find you guilty. All 12 would have to agree you were not guilty in order to find you not guilty. And if they cannot agree, that would be a hung jury and the State could try you over until, until you were found not guilty, not guilty or guilty. You've indicated that you wish to waive your right to a jury trial, which means you are selecting a judge trial if you go to trial. Is that correct?

[APPELLANT]: Yes, it is.

THE COURT: And is that, is that decision being freely and voluntarily made by you?

[APPELLANT]: Yes it is.

THE COURT: All right, I'm going to rule that you have knowingly and intelligently waived your right to a jury trial. Thank you very much."

Appellant did not object to the court's ruling and proceeded to trial before the court.

As indicated, the court convicted appellant of theft scheme and six counts of theft and he was sentenced for the theft scheme charge.

This timely appeal followed.

II.

Appellant argues that the court erred by failing to announce on the record that he *voluntarily* waived his right to a jury trial. He argues that the court's ruling that he "knowingly and intelligently" waived his right is insufficient to satisfy Maryland Rule 4-

246(b) without an explicit finding of voluntariness. He contends that his failure to object to the court's ruling does not preclude appellate review.

The State maintains that the court complied with Rule 4-246(b). The State concedes that the Rule requires strict compliance, but argues that, in the instant matter, the court did find that appellant made a voluntary waiver. The State notes that the court, before making its final ruling, asked appellant whether his decision to elect a bench trial was "freely and voluntarily" made to which appellant responded in the affirmative. As such, the State concludes, it would be perverse to give appellant a "windfall benefit of a new trial" when the record clearly indicates that the court ensured that appellant knowingly and voluntarily waived his right to a jury trial.

III.

We turn to appellant's argument that the trial court erred by failing to announce on the record a determination that he voluntarily waived his right to a jury trial. Maryland Rule 4-246(b) provides, in pertinent part, as follows:

> "A defendant may waive the right to a trial by jury at any time before the commencement of trial. The court may not accept the waiver until, after an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, *the court determines and announces on the record that the waiver is made knowingly and voluntarily*." (Emphasis added).

4

The waiver of a jury trial is a two-step process. The trial judge must determine that the waiver is knowing and voluntary. And the trial judge must make that finding on the record.

In *Valonis & Tyler v. State*, 431 Md. 551, 567, 66 A.3d 661, 670 (2013), the Court of Appeals left no doubt that the trial judge must make a determination, on the record, that the defendant's waiver is both *knowing* and *voluntary*. In order to guide the trial courts, the Court of Appeals in that consolidated case exercised its discretion under Rule 8-131 and addressed appellants' argument even though there was no contemporaneous objection lodged in the trial court. The Court did so "to review the merits . . . due to our perception of a recurring problem—namely, the failure of trial judges to follow Rule 4-246(b)—and to further encourage trial judges to adhere to the letter of the Rule." *Nalls & Melvin v. State*, _ Md. _, slip op. at 15, (2014). Post *Valonis,* there can be no doubt that, even though no specific litany is required, the record must reflect that the trial judge explicitly found that the defendant waived a jury both *knowingly* and *voluntarily*.

What was less clear following *Valonis* was whether an appellate court would review a jury trial waiver absent a contemporaneous objection in the trial court. In *Nalls & Melvin v. State*, the Court of Appeals spoke loud and clear that a contemporaneous objection in the trial court is a necessary predicate for appellate review. After exercising its discretion under Rule 8-131 to review the trial court's compliance with Rule 4-246(b), the Court stated as follows:

> "Going forward, however, the appellate courts will continue to
> review the issue of a trial judge's compliance with Rule 4-

5

246(b) provided a *contemporaneous* objection is raised in the trial court to preserve the issue for appellate review."

*Id.* (Emphasis added).

In the case *sub judice*, appellant made no objection below to the waiver procedure, to its content, or to the trial court's announcement as to the "knowingly and intelligently" made waiver of his right to a jury trial. His challenge to the effectiveness of his waiver is not preserved for our review and is not properly before this Court. We shall not exercise our discretion under Rule 8-131 to consider the issue.

**JUDGMENTS OF THE CIRCUIT COURT FOR CAROLINE COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**